IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

|  |  |
|---|---|
| PETER MINETT,<br><br>Plaintiff,<br><br>vs.<br><br>CAPTAIN JEROME MCCARTHY, LIEUTENANT MARK JOHNSON, CORRECTIONAL OFFICER ERIC, CORRECTIONAL OFFICER RAHOOL, CORRECTIONAL OFFICER JENNIFER, CORRECTIONAL OFFICER JACKIE, and NURSE FOR SILVER BOW JAIL,<br><br>Defendants. | CV 14-50-BU-JCL<br><br><br>ORDER |

Plaintiff Peter Minett commenced this action under 42 U.S.C. § 1983 alleging Defendants failed to provide medical care for injuries he sustained on October 25, 2012, purportedly as a result of a fight he had with another inmate while incarcerated at the Butte-Silver Bow Detention Center. Specifically, he alleges his left little finger was injured in the altercation, and had Defendants provided medical treatment, repairs could have been made to his finger that would have prevented the injury from which he now suffers. (Doc. 44-11 at 27-28 of 82 (Depo. of Minett) (confirming his claim arises from Defendants' failure to provide medical treatment for his left little finger)).

1

Pretrial detainees and convicted prisoners claiming that prison officials unconstitutionally denied them necessary medical treatment must establish that the officials were deliberately indifferent to the individual's serious medical need. *Simmons v. Navajo County*, 609 F.3d 1011, 1017 (9th Cir. 2010).  Thus, the plaintiff must establish the defendant was subjectively aware of the serious medical need.  *Id*. at 1017-18.

Defendants move for summary judgment dismissing Minett's claim arguing they were not aware of an injury to Minett's left little finger on October 25, 2012.  Defendants rely on evidence establishing that after Minett's fight his primary complaint was swelling around his right eye, and he did not immediately identify any injury to his little finger.  Immediately following the fight Sergeant Chris Snyder did not observe any injury to Minett's left little finger.  (Doc. 42 at 2.) Sergeant Chris Snyder, Dr. Patrick J. McGree, a family practice physician who provided treatment to Minett, and Dr. Nicholas Blavatsky, an orthopedic surgeon to whom Dr. McGree referred Minett, each viewed a photograph of Minett's left hand taken shortly after Minett's fight and concluded they did not see any evidence of an injury to Minett's left little finger in the photo.  (Doc. 41-11 at 60 of 82 (Depo. of McGree), and at 75-76 of 85 (Depo. of Blavatsky); Doc. 42 at 3 (Aff. of Snyder).)  Snyder, Dr. McGree and Dr. Blavatsky also viewed a picture of

Minett's left hand taken in 2010 and concluded Minett's little finger looks the same in both pictures – confirming that the picture of Minett's hand taken immediately after the fight does not show any injury. (*Id*.)

Federal Rule of Civil Procedure 56(a) entitles a party to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Once the moving party has satisfied its burden, the non-moving party must go beyond the pleadings and identify through affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue [of material fact] for trial." *Celotex Corp. v. Cattrett*, 477 U.S. 317, 324 (1986).

Minett contends that he cannot produce evidence in response to Defendants' summary judgment motion because he is not an attorney, and because he is an incarcerated litigant proceeding pro se. He states he does not have evidence to contradict Defendants' motion.

But as discussed, Minett need only produce evidence suggesting his left little finger injury presented a serious medical need of which Defendants were subjectively aware. Defendants' evidence establishes they were not subjectively aware of any injury to Minett's left little finger, and Minett does not present evidence raising a genuine issue as to that material fact.

3

Therefore, IT IS HEREBY ORDERED that Defendants' summary judgment motion is GRANTED, and this action is DISMISSED.

Pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3)(A), the Court certifies that an appeal of this Order would not be taken in good faith.

DATED this 28th day of September, 2015.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge